MOSK, J.
—I dissent.
This case presented the question whether a single machine, the Wasino L3-J3, is a power press under Labor Code section 4558, which permits an employee to bring an action for damages against an employer for injury caused by the employer’s knowing removal of a point of operation guard on such a device. The statute defines a power press as “any material-forming machine that utilizes a die which is designed for use in the manufacture of other products.” (Id., subd. (a)(4).)
The parties, having settled the matter out of court, sought dismissal before oral argument. The majority, apparently concluding that it raises an important question of law, retained jurisdiction and now determine that the Wasino L3-J3 is not a power press. In my view, the case should have been dismissed. It now has no significance for the parties and is of limited precedential value: it properly involves only a question of fact as to whether a single machine was used by plaintiff Hector Rosales as power press; the point is now moot.
I also disagree with the majority’s result. They determine that Rosales, who was injured after defendant Depuy Ace Medical Company intentionally *289 removed a point of operation guard from the Wasino L3-J3, could not seek a tort remedy under Labor Code section 4558 because the machine is not a power press within the meaning of the statute. They do so based on a handful of common dictionary definitions of the word “die”—excluding other definitions that would be inconsistent with their result, and dismissing as “of no significance” the regulatory definitions of the Occupational Safety and Health Standard Board. (Maj. opn., ante, at pp. 285-286.) They assert that a die must “impart form to the material by impact or pressure against the material” and impart “some version of the die’s own shape.” (Id. at p. 285, italics in original.) I am not persuaded. Even the dictionaries consulted by the majority suggest otherwise. (See id. at p. 285, fn. 3.)
The statute merely requires that the machine in question be “material-forming” and that it “utilize[] a die which is designed for use in the manufacture of other products.” (Lab. Code, § 4558, subd. (a)(4).) It appears that Rosales, an experienced machinist who operated the Wasino L3-J3 for over a decade, thought he was using a power press; so did his supervisor. Much of the expert testimony in the record—including that of a mechanical engineer with 32 years of experience in machine safety—is inconsistent with the conclusion that the Wasino L3-J3 is not a power press.
In my view, this dispute was not properly subject to resolution by way of summary judgment in light of the numerous disputed issues of material fact, such as whether the machine was in fact operating by impact against the material when Rosales was injured. In addition, as the Court of Appeal correctly ruled, summary judgment was inappropriate because there was no determination that the Wasino L3-J3 does not operate as a power press in all of its numerous functions; i.e., liability could apply even if a die were not in operation at the time of injury, so long as the machine itself may be used as a power press. These were questions for a jury.
For these reasons, I dissent.